Kristofer Michael **SENECA**, also known as Bradley Wayne Strickland, Petitioner—Appellant,

v.

John **HALLAHAN**, Warden, Respondent—Appellee.

No. 01–16731.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2003.

Decided Oct. 31, 2003.

Kristofer Michael Seneca, pro se, Florence, AZ, for Petitioner–Appellant.

Anders V. Rosenquist, Jr., Esq., Florence M. Bruemmer, Esq., Rosenquist &

Associates, Phoenix, AZ, for Petitioner–Appellant.

Robert J. Walsh, Esq., Office of the Attorney General, Phoenix, AZ, for Respondent–Appellee.

Before: BEEZER, FISHER, Circuit Judges, and ENGLAND,* District Judge.

MEMORANDUM **

In appealing the denial of his 28 U.S.C. § 2254 habeas corpus petition, Kristofer Michael Seneca, an Arizona state prisoner, again challenges his conviction by guilty plea to two counts of attempted child molestation. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's denial of a habeas petition, Koerner v. Grigas, 328 F.3d 1039, 1045–46 (9th Cir.2003), and we affirm.

Seneca first contends that his guilty plea violated due process because he was incompetent at the time of his plea, and consequently lacked the capacity to enter a voluntary and knowing plea on his behalf. Seneca's claim is unpersuasive. The state trial court concluded that Seneca had made a knowing, intelligent, and voluntary plea. This determination was not contrary to clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1) & (2).

■ The only evidence Seneca produces to demonstrate incompetency are excerpts from two psychological reports that are not complete, identified, or signed by the doctors who allegedly prepared them. The proffered excerpts do not indicate that the mental disorders attributed to Seneca would prevent him from being able to understand the nature and consequences of the proceedings and to assist in his defense, and hence do not show he was incompetent. See Godinez v. Moran, 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

In addition, the evidence advanced by Seneca is insufficient to negate the evidence demonstrating that he was in fact competent to plead guilty. See Cacoperdo v. Demosthenes, 37 F.3d 504, 510 (9th Cir. 1994) (stating that petitioner bears burden of demonstrating due process violation premised on alleged incompetency). Our review of the record reveals nothing that suggests irrational behavior on the part of Seneca either before, during, or after he pled guilty that would indicate incompetency, or trigger any sua sponte obligation of the trial court to further investigate Seneca's mental state.

■ Seneca next claims that his counsel was ineffective because he withheld psychological reports from petitioner, failed to investigate petitioner's mental state despite reports that he was mentally ill, and failed to present mental illness as a mitigating factor. Seneca fails, however, to show that his counsel's representation fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, there was a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 57–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), citing Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Seneca further asserts that he should have received an evidentiary hearing with respect to his competency claims. There is no right to an evidentiary hearing on the issue of competency, however, unless the petitioner presents facts sufficient

---

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to create a real and substantial doubt as to his mental state, which Seneca has failed to do in this proceeding. *See Deere v. Woodford,* 339 F.3d 1084, 1086 (9th Cir. 2003).

■ Finally, Seneca contends that he was denied the right to appeal, and challenges the district court's finding that his claim in that regard was unexhausted. We do not find any error on the part of the district court. Seneca fails to allege in any event how he could have been prejudiced by the lack of an appeal, given his unquestioned ability to file two separate state petitions for post conviction relief challenging his conviction and sentence.

Accordingly, the district court properly denied Seneca's petition. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1174, 155 L.Ed.2d 144 (2003).

**AFFIRMED.**